Justice Drake
delivered the opinion of the court.
This is an ejectment brought to recover the one-third part of two tracts of land, one containing forty acres, and the other about six acres, lying in the township of Lower Penn’s Heck, in the county of Salem. The plaintiff, upon the trial, gave in evidence a division of the real estate of Jane Lummiss, deceased, made in December, 1803, by commissioners appointed by the Orphans’ Court of the county of Salem, among her three children, Jane, (wife of Thomas Woodnut,) Ann, (wife of Burtis Penton,) and Edward Lummiss, the younger. By this, and other testimony, it appeared, that the premises in question were set off to Jane AVoodnut, who died without issue, and the lessors of the plaintiff, being the only children of the said Ann Penton, deceased, claim their mother’s share of the property of her sister, the said Jane AVoodnut, deceased.
The plaintiff also gave evidence of the possession of the premises by the said Jane Lummiss and her husband, Edward Lummiss, during their lives, prior to the year 1803, (before which time they both died,) but how long that possession extended back, did not appear distinctly, before the plaintiff rested his cause. He also gavo evidence of the possession of the premises being held, after the division, by young Edward Lummiss, either on his own account or in behalf of AVoodnut, until it was sold, as his property, in the winter of 1806-7, after which it it went into the possession of Joseph Copner, under whom the defendants claim.
The plaintiff having rested, the defendants’ counsel moved the court to non-suit. This was refused, and herein it is said that the court erred.
*190 It has been repeatedly decided, that the oldest possession, even for less than twenty years, carries with it a presumption of title, that is sufficient to put the defendant upon his defence; and will overcome the later possession of a mere trespasser. Such prior possession having been shewn on the part of the plaintiff, and the possession of the defendants, under Joseph Copner, not amounting to twenty years, and the only proof of its originating under color of right, furnishing at the same time some evidence of recognition of the Lummiss title, I am clearly of opinion, that it could not, of itself, bar the recovery of the plaintiff, and that the court committed no error in refusing to-non-suit.
*151] *By the evidence on the part of the defendants, it appears, that the lands in controversy, with other lands, were conveyed, in the year 1729, by Sinnick Sinnickson, to one Erick Gill Johnson, who lived on the premises and died there, having, before his death, conveyed the same to his nephew, "William Gill Johnson, by deed dated the 22d day of May, 1770. On the decease of Erick Gill Johnson, William Gill Johnson took possession, and held it until his death, which is testified to have been “ before the war,” and probably was about the year 1773. At his decease he left his widow, Jane, (afterwards Jane Lummiss) in possession. He also left a son, Andrew, who died at the age" of five years, and a daughter Sarah, who survived her brother, and died at the age of twelve or thirteen years, “ after the peace," and probably in 1785 or 1786. (
In two or three years after the death of William Gill Johnson, his widow, Jane, married Edward Lurnmiss before mentioned, and they continued to enjoy the premises until their decease, which took place before the year 1803. •
The possession of Jane and Edward Lummiss having been thus commenced, she being the widow of William Gill Johnson, and entitled to dower, and the mother and guardian of 1ns infant children, upon whom, in succession, the inheritance was cast, it is insisted that it was not of an adverse *191 character; and I should 'be inclined to that opinion, especially during the life time of Sarah Gill Johnson, who died in 1786; yet, as the character of the possession is a question of fact for the jury to decide, as a period of twenty years intervened between the death of Sarah Gill Johnson, in 1786, and the sale to Joseph Copner, in 1806, and as the jury may have considered the Lummiss title as recognized by Joseph Copuor, under whom the defendants claim, in the first place by his purchase, and again, by an expression in his will, I am not prepared to say that the verdict is against law and evidence, or that it should be set aside for that reason.
But an outstanding title is set up in the heirs of Sarah Gill Johnson. Who are they ? She died without issue, and without any brother or sister, or the descendant of brother or sister, living. Ller father, William Gill Johnson, had no brother or sister “ that witness knew of.” “ Erick Gill Johnson had no children. He had a brother John, that left two children, Margaret, who married Alexander Brown, and Rebecca, who married Ananias Elwell.” But had Erick Gill Johnson no brother besides John ? *Tho witness [*152 gives no answer. Can we then say that there is an outstanding title in the descendants of John ? And if there be, how much, or what proportion of the premises does it embrace ? These outstanding titles are not to be favored. Whoever sots them up should prove them strictly, and shew them to be subsisting and available. In the present case it was incumbent on the defendants to trace the heirs of Sarah Gill Johnson distinctly, and to shew in them a title protected from the operation of the statute of limitations, by some of the disabilities therein mentioned. Having done this very imperfectly, they cannot complain of the jury for not finding in their favor upon doubtful evidence.
Upon a view of the whole case, I cannot perceive that injustice has been done. A recovery has been had in favor of undoubted heirs under the Lummiss title, against the defendants, claiming under a branch of the same title, *192 through Joseph Oopner, who had gone far to acknowledge its validity, and who purchased shortly after that title had been publicly recognized, and a division of the lands claimed under it had been made by virtue of an order of the Orphans’ Court of the county of Salem, and the jury have overlooked a supposed outstanding title, with which the defendants are wholly disconnected, and which is left doubtful by the evidence, whether it is now subsisting and .available. The judge at the circuit might, no doubt, have been more explicit in his charge, with respect to the character of the possession of Jane Lummiss; yet mere omissions in the charge of a court can afford no ground for a new 'trial, unless it shall be manifest that the jury erred through want of instruction, and have found a verdict contrary to law.
I am therefore of opinion, that the rule to shew cause, &c., should be discharged, and that judgment'be entered for the plaintiff.
The Chief Justice having been of counsel for one of the parties, gave no opinion.